JS-6

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
EDUARD R. MELESHINSKY (CSBN 300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th St., Suite 3-700
San Francisco, CA 94103
Telephone: 415-625-7744
Email: meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>                    Plaintiff,<br><br>         v.<br><br>CARNICERIA LAS GLORIAS, INC., a California Corporation; CARNICERIA LAS GLORIAS #2, INC., a California Corporation; CARNICERIA LAS GLORIAS #3, INC., a California Corporation; MARTHA LUZ VELOZ, an individual; RAUL VELOZ JR., an individual,<br><br>                    Defendants. | Case No: 5:24-cv-01083-SSS-JPRx<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

1  Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of
2  Labor ("Acting Secretary"), and Defendants Carniceria Las Glorias #1, Inc.;
3  Carniceria Las Glorias #2, Inc.; Carniceria Las Glorias #3, Inc.; Martha Luz Veloz;
4  and Raul Veloz Jr. (together, "Defendants") (collectively the "Parties") have
5  agreed to resolve the matters in controversy in this civil action and agree to the
6  entry of this Consent Judgment and Injunction ("Consent Judgment") as provided
7  below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A.   On May 21, 2024, the Acting Secretary filed her Complaint (Dkt. 1) in the above-captioned proceeding, naming Defendants and alleging they violated provisions of Sections 7, 11(a), 11(c), and 15(a)(2), (3), (5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(a), 211(c), 215(a)(2), (3), (5), and 215(a)(5). Defendants acknowledge receipt of the complaint and waive service of the summons and complaint.

B.   The Acting Secretary has advised Defendants to seek counsel in connection with this litigation, including to obtain independent review of and advice on this Consent Judgment, and they expressly decline to do so.

C.   Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

C.   The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D.   Defendants agree herein to resolve all allegations of the Acting Secretary's Complaint.

E.   Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on Exhibit A who worked more than 40 hours in a work week.

F.   Defendants admit that they violated Sections 11(c) and 15(a)(5) of the

FLSA, 29 U.S.C. § 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on Exhibit A.

G. Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

H. Defendants acknowledge that violating any provision of this Consent Judgment and Permanent Injunction may subject them to fines and penalties, including punitive damages, heightened civil monetary penalties, or contempt.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular

employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

4. Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory action, such as discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA by, among other things, testifying or otherwise reporting information to the Acting Secretary, or questioning whether the employer is paying the employee in compliance with prevailing law. Prohibited discriminatory and retaliatory actions include telling employees that communication with the Acting Secretary will result in immigration, legal, criminal or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes or intimidation. Other prohibited discriminatory and retaliatory acts include but are not necessarily limited to: termination; discharge; layoffs; threats of termination, discharge or lay off; reverifying the employment eligibility of an employee Defendants unlawfully terminated; reduction to employees' work schedules or wages; intimidation; failure to hire; and providing negative references.

5.       Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA.

6.       Withholding payment of $150,000.00, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are identified by name in Exhibit A, which is incorporated in and made part of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

7.       Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict or blacklist such employee from seeking or obtaining any other work.

8.       Defendants have an ongoing duty to provide the Acting Secretary with access to all records required to be made, kept, or preserved under Section 11 of the FLSA, including all other time, employee, and payroll records, upon request and no later than thirty (30) calendar days after such request is made.

9.       Should Defendants maintain a video monitoring system of employees

and/or workers, Defendants shall immediately provide the Acting Secretary with access to review this footage upon request. The requirements of this Paragraph shall remain in effect for a period of at least two (2) years from the date of entry of this Consent Judgment.

10. Defendants have an ongoing duty to provide an earnings statement to each of their employees each time they are paid with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, (8) total straight-time wages paid; and (9) total overtime wages paid. Defendants shall produce these earnings statements to the Acting Secretary upon request and no later than thirty (30) calendar days after such request is made.

11. All documents produced by Defendants as required under this Consent Judgment must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format. If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is produced in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the documents must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

12. Defendants, their agents, servants, and employees, and any person in active concert or participation with them, shall not in any way directly or indirectly, demand, require, or accept any of the back wages, monetary damages,

or liquidated damages from the individuals listed on the operative Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

13. Defendants have an ongoing duty to comply with the FLSA and maintain payroll practices at any business they own, operate, or control, currently and in the future, as follows:

    a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work such as maintaining clothing, tools, and supplies, and donning and doffing; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours;

    b. Defendants shall record all wages paid to employees, regardless of the manner of payment, on payroll records;

    c. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked; and

    d. Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

14. For purposes of contacting the Acting Secretary under the terms of this Consent Judgment, Defendants shall notify:
    Wage Hour Division, West Covina District Office
    Attention: District Director
    100 N. Barranca Street, Suite #850

West Covina, California 91791

## JUDGMENT

15.     **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, in favor of the Acting Secretary as a judgment owed to the United States of America and against Defendants in the total amount of $309,000.00. This total amount comprises $150,000.00 in unpaid overtime compensation owed by Defendants and, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, and an additional equal amount as liquidated damages of $150,000, as well as civil money penalties of $9,000.00 pursuant 29 U.S.C. § 216(e) which have been assessed and finally determined for Defendant's FLSA willful violations for the time periods stated in Exhibit A.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

16.     Defendants shall pay at least $150,000 of the judgment amount by May 29, 2024 which shall consist of liquidated damages.

17.     Defendants shall pay at least an additional $150,000 of the judgment amount by June 29, 2024 which shall consist of back wages.

18.     Defendants shall pay the remaining $9,000 of the judgment amount by July 29, 2024 which shall consist of civil money penalties.

19.     Defendants may make payment required by this Consent Judgment (plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payment shall reference BW Case Number 1983620. Alternatively, Defendants may deliver payment using cashier's check made out to "U.S. Dept. of Labor/Wage & Hour Division" and listing BW Case Number 1983620 on the face of the check, to: United States Department of Labor/Wage & Hour Division, Attn: Back Wage Unit, District Director Daniel Pasquil, 100 N. Barranca Street, Suite #850, West Covina, California 91791.

20. In the event of any default in the timely making of payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants, or, if applicable, their counsel.

21. The Acting Secretary shall distribute the proceeds from the settlement payment described in Paragraphs 16 and 17 to the employees identified in Exhibit 1, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates. Any monies not distributed to employees within three (3) years from the date of the Acting Secretary's receipt of the settlement payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

**FURTHER, IT IS HEREBY ORDERED THAT**

22. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants.

23. Defendants hereby waive any and all claims and defenses against the Acting Secretary and her representatives that they could have brought as of the date of the entry of the Consent Judgment and agree not to appeal entry of this Consent Judgment and Permanent Injunction.

24. Each Party shall bear its own fees and other expenses incurred by such

Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

25. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated: June 20, 2024

_____
HON. SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

For Defendants:

Martha Luz Veloz
Defendant in her personal capacity

Martha Luz Veloz
Defendant as representative of Carniceria Las Glorias, Inc.

Martha Luz Veloz
Defendant as representative of Carniceria Las Glorias #2, Inc.

Martha Luz Veloz
Defendant as representative of Carniceria Las Glorias #3, Inc.

_____
Raúl Veloz Jr.
Defendant


For the Acting Secretary:

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour


 /s/ Eduard R. Meleshinsky
EDUARD R. MELESHINSKY
Trial Attorney

# EXHIBIT A

*Last Name, First Name*

| | |
|---|---|
| Robert | Acosta |
| Jose | Anaya |
| Enedina | Andres |
| Alfredo | Arcos |
| Ambrosio | Arcos |
| Marilou | Arevalo |
| Romina | Arevalo |
| Manuel | Barrera |
| Vanessa | Basto |
| Maria | Can Cucul |
| Jessica | Cano |
| Maria | Carmen Navarro |
| Brenda Yuridia | Castrejon Zarco |
| Yessica | Correa Casteneda |
| Jorge | Cruz |
| Mary | Cruz |
| Janeth | Diaz Ramirez |
| Julio | Dircio Flores |
| Cecillia | Garcia |
| Francisco | Gomez |
| Lidia | Ibarra Rodriguez |

| | |
|---|---|
| Armando | Jimenez |
| Mayola | Jimenez |
| Cesar | Lopez |
| Virgilio | Lopez |
| Antonio | Lopez-Salazar |
| Julio | Lucas |
| Antonio | Luis Ruiz |
| Yudith | Medina Amador |
| Blanca | Mejia |
| Gisselle | Negrete |
| Teresa | Unknown |
| Patricia | Ornelas |
| Sandra | Quintero |
| Alejandra | Ramirez |
| Samuel | Ramirez |
| Carlos | Rodriguez |
| Luis | Rodriguez |
| Adulfa | Romero |
| Alejandro | Sanchez |
| Leonardo | Sanchez Tapia |
| Marisol | Tinoco Molinero |
| Filiberto | Trabieso |
| Karina | Uriarte |